UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUANITA LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:24-10359-JCB |
| | ) |
| JOHN MCCARTHY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER TO REASSIGN TO A DISTRICT JUDGE
AND RECOMMENDATION FOR DISMISSAL
August 8, 2024

Boal, M.J.

On March 12, 2024, plaintiff Luanita Lane, who is representing herself, filed a civil

complaint [ECF No. 1] and a motion for leave to proceed in forma pauperis [ECF No. 2]. On

May 20, 2024, this Court issued an order granting the in forma pauperis motion and directing her

to show cause why this action should not be dismissed [ECF No. 6]. On June 18, 2024, Lane

responded to the show cause order [ECF No. 8]. Upon review of the show cause response, this

Court concludes that this action is subject to dismissal as frivolous. Accordingly, this Court

orders that this action be reassigned to a District Judge and recommends that this case be

DISMISSED.

I.       Order to Reassign Case to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the

time of filing, to a Magistrate Judge. The parties are required to inform the Court within 30 days

of when the last party is served whether they consent or refuse to consent to the final jurisdiction

of a Magistrate Judge. Absent the parties' consent, a Magistrate Judge is without jurisdiction to

dismiss a complaint for failure to state a claim upon which relief may be granted or otherwise involuntarily dismiss an action.  See 28 U.S.C. § 636(b)(1)(A).  This action was drawn to the undersigned Magistrate Judge under these protocols.

As set forth below, this Court concludes that this action is subject to dismissal as frivolous.  Because the parties have not consented to the final assignment of this case to the Magistrate Judge, this Court cannot dismiss the action.  For that reason, I order that the Clerk of Court reassign this case to a District Judge.

II.     Recommendation of Dismissal

A.      Review of the Complaint

Because the Court allowed Lane's motion for leave to proceed in forma pauperis, her complaint was subject to a preliminary screening.  Under federal law, the Court may dismiss the complaint of a plaintiff proceeding in forma pauperis if the pleading is "frivolous," or, in other words, lacks an arguable basis in law or in fact.  See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (stating that a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact," and that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

Lane brought this action against "C-11 Police Officers" and three named individuals whose titles, as identified by Lane, are "Police Officer-Landlord," "Police Officer – (Judge) Dorchester District Courts," and Police Officer – Doctor."  Compl. at 2.  She claimed that "Boston Police Officer[s] and State Police Officers" were "connected" to crimes against her and her family.  Id. at 4.  Lane appeared to allege that her first born son was taken from her when staff at Brigham and Women's Hospital "switched" two infants, and that her son was adopted by

the "Police Officer – (Judge)" she names as a defendant.  Id.  Lane further claimed staff of the

Commonwealth's Department of Children and Families ("DCF"), the Park Street DCF Office,

and Boston Police officers "said to be Donald Trump's sons," wrongfully removed her minor

child from her custody.  Id.  Lane also alleged that a "police doctor" "place[d] illegal medical

devices insider [her] body" which "need[] to be removed."  Id.  According to Lane, her family

"needs to stop stealing blood, ovaries, glands [and] veins out of [her] body by looking through

[her] eyes illegally."  Id.   Lane further claimed that "3 Boston Police officers, C-11 station,

Donald Trump's son," a senator, and the commissioner of police "are said to be registered sex

offenders" and "need[] to give [her] child back."  Id.

Considering these allegations and other similar ones set forth in the complaint, this Court

found that Lane's complaint lacked an arguable basis in law or in fact and therefore was subject

to dismissal under 28 U.S.C. § 1915(e)(2) [ECF No. 6].  This Court directed Lane, if she wished

to pursue this action, to show cause why the action should not be dismissed on that basis.

B.      Show Cause Response

In her show cause response, Lane alleges misconduct similar to that described in her

complaint [ECF No. 8].  Lane refers throughout the show cause response to a network of

"Clown people" and others who, through disguise, deception, physical intrusion, and other

wrongdoing, constantly injure her.  Her "landlord and his family are said to be sex offender face

Clown people."  Id. at 1.  Lane alleges that, while living at an apartment rented by that landlord,

she was set up with a "Clown Indian Doctor" that placed some "illegal medical device in [her]

body" which "allow these clown people to see and look through [her] eyes while communicating

doing hate crimes on [her]."  Id. at 1-2.  Lane alleges that various people "are harassing [her] on

these illegal medical devices that are inside [her] inner body . . . telling me that they are the

clown people trying to kill me." Id. at 2.  Lane represents that she has reported the alleged illegal

medical devices to some judges, but that the judges will not have them taken out of her body.  Id.

at 4.

Lane claims that illegal medical devices also allow others to remove her ovaries, which

are used to for other women "to produce babies and kids."  Id. at 2.  Lane believes that doctors

and teachers "produce other babies to switch people['s] babies from the hospitals and schools on

contract, because their family or the Clown organization runs or owns the or owns the Hospitals

and work in the schools."  Id.  Lane asserts that she and her oldest son are "a victim of these

switch crimes of babies."  Id.

Lane also identifies a long list of injustices that were caused by the "Clown people" or

those working with them, including her son being removed from her custody, an unsuccessful

bankruptcy case, incomplete dental care, losing her car, being prevented from finding housing,

and theft of her driver's license, birth certificates, and other important documents.  Id. at 2-3.  In

addition, Lane claims that she has been retaliated against when she has reported the conduct of

the "Clown people" and those working with them.

Lane's show cause response does not remedy the defects of the original complaint.

Without doubting Lane's sincerity, this Court finds that her claims are frivolous because they do

not have a reasonable basis in fact.

III.    Conclusion

Accordingly, this Court hereby ORDERS that this case be reassigned to a District Judge

and RECOMMENDS to the District Judge that this action be DISMISSED pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) as frivolous.

IV.    Notice of Right to Object

Plaintiff is hereby advised, pursuant to Fed. R. Civ. P. 72, that if she objects to this

recommendation, she must file specific written objections thereto with the Clerk of this Court

within 14 days of service of this Report and Recommendation.  The written objections must

specifically identify the portion of the recommendation or report to which objection is made and

the basis for such objections.  Plaintiff is further advised that the United States Court of Appeals

for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall

preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848

F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986);

Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-

379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see

also Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

 /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

DATED:  August 8, 2024